UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICO MALLARD CRUMP, | : |
| Petitioner | : CIVIL ACTION NO. 3:19-0050 |
| v. | : (JUDGE MANNION) |
| WARDEN, RONNIE R. HOLT, | : |
| Respondent | : |

**MEMORANDUM**

Petitioner, Rico Mallard Crump ("Petitioner"), filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241, challenging his sentence entered in the United States District Court for the Middle District of North Carolina. (Doc. 1). Following an order to show cause, (Doc. 5) Respondent filed a response on April 1, 2019. (Doc. 6). A traverse was filed on May 9, 2019. (Doc. 9). Accordingly, the petition is ripe for disposition. For the reasons that follow, the Court will dismiss the petition for lack of jurisdiction.

**I. Background**

On September 25, 2000, a superseding indictment was filed in the United States District Court for the Middle District of North Carolina, charging

Crump with the following four counts: (1) conspiracy to distribute cocaine base and conspiracy to possess cocaine hydrochloride with the intent to manufacture cocaine base (Count 1s); (2) possession with intent to distribute cocaine hydrochloride (Count 2s); possession of a firearm by a felon (count 8s); and carry, use and discharge of a firearm in the furtherance of a drug crime (count 9s). (Doc. 6-1 at 3, United States v. Cole, No. 1:00-cr-0293-CCE-5, Criminal Docket at Doc. 77).

On November 21, 2000, Crump signed a plea agreement, pleading guilty to Count 2s, which charged possession with intent to distribute 1,985 grams of cocaine hydrochloride; and Count 9s, which charged him with discharging a firearm in the furtherance of a drug conspiracy. (Doc. 6-1 at 40, Plea Agreement). The plea agreement provided that Crump would be sentenced to a term of five to forty years for the drug conviction in Count 2s of the indictment and a consecutive term of at least ten years for the 924(c) in Count 9s of the indictment. Id. Additionally, Crump waived his right to appeal the conviction or whatever sentence the court imposed. Id.

On April 4, 2001, Crump was sentenced to a 190-month term of imprisonment (fifteen years, ten months) for Count 2s and a 120-month term of imprisonment (ten years) for Count 9s, to run consecutively to the sentence imposed for Count 2s. (Doc. 6-1 at 3, United States v. Cole, No.

1:00-cr-0293-CCE-5, Criminal Docket at Doc. 152). Crump did not file a direct appeal of his conviction or sentence. Id.

On January 21, 2014, thirteen years after imposition of his sentence, Crump filed a motion to vacate or set aside sentence pursuant to 8 U.S.C. §2255, asserting a claim under Alleyne v. United States, 133 S.Ct. 2151 (2013). (Doc. 6-1 at 36, Crump v. United States, 1:14-cv-0270). The sentencing court dismissed the §2255 motion as untimely and noted that Alleyne does not apply to cases on collateral review. Id.

On January 9, 2019, Crump filed the instant action. (Doc. 1, petition). He challenges his federal sentence in light of the United States Supreme Court's decision in Dean v. United States, 137 S.Ct. 1170 (2017).

## II. Discussion

Petitioner raises the sole ground that "in light of Dean v. United States, 137 S.Ct. 1170 (2017), Count 9s of the Superseding Indictment must be dismissed because it violations due process; and Crump must be resentenced without the 120 month 924(c) consecutive sentence." (Doc. 2 at 2).

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the

district of sentencing pursuant to 28 U.S.C. §2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant §2241 petition seeking to challenge the legality of his sentence. A petitioner may only resort to a §2241 petition in the unusual situation where the remedy by motion under §2255 would be inadequate or ineffective. See 28 U.S.C. §2255; Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on §2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.

"Our Circuit permits access to §2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on

collateral review. U.S. v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013) (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under §2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial §2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

Additionally, sentencing enhancement challenges are insufficient to invoke Section 2241. See Cradle, 290 F.3d at 538–39. Section 2241 is not available for intervening changes in the law of sentencing. Okereke, 307 F.3d at 120. In other words, if a subsequent change in the law alters only an element of sentencing but not the underlying crime of conviction, Section 2241 offers no remedy. Gardner v. Warden Lewisburg USP, 845 F.3d 99, 103 (3d Cir. 2017) (holding that an Alleyne[1] claim cannot be raised in a

---

[1] Alleyne v. United States, 133 S.Ct. 2151 (2013). "In Alleyne, 133 S.Ct. 2151, the Supreme Court mirrored its opinion in Apprendi v. New Jersey,
*(footnote continued on next page)*

- 5 -

§2241 petition); Upshaw v. Warden Lewisburg USP, 634 Fed. App'x. 357 (3d Cir. 2016) (finding claims of sentencing error asserted under Alleyne, 133 S.Ct. 2151, and Burrage v. United States, 134 S.Ct. 881 (2014), could not be raised via §2241 even though these claims were previously foreclosed by circuit precedent).

Petitioner's claim that the Supreme Court's decision in Dean requires resentencing does not satisfy the conditions for §2241 jurisdiction under either prong of the Third Circuit's test.[2] In Dean, the Supreme Court held that §924(c) "simply requires any mandatory minimum ... to be imposed 'in addition to' the sentence for the predicate offense, and to run consecutively to that sentence. Nothing in those requirements prevents a sentencing court from considering a mandatory minimum under §924(c) when calculating an appropriate sentence for the predicate offense." Dean v. United States, 137 S. Ct. 1170, 1178 (2017). It is not a substantive rule that decriminalizes the conduct for which Petitioner was convicted; it only "clarifies the amount of

---

530 U.S. 466 (2000), and held that '[a]ny fact that, by law, increases the [mandatory minimum] penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.' Alleyne, 133 S.Ct. at 2155 (citation omitted)." Gardner, 845 F.3d at 101.

[2] Nor does Petitioner's reliance on United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), a Fourth Circuit court case that is not binding on this Court. Under Bruce, only an intervening Supreme Court decision can be used to establish jurisdiction under §2241.

discretion a district court judge can exercise when crafting a sentence." Worman v. Kallis, No. 18-CV-1144-JES, 2019 WL 1980689, at *3 (C.D. Ill. May 3, 2019). Moreover, although the Third Circuit has not spoken directly on the issue, other courts which have considered this issue have concluded that Dean does not have retroactive application to cases on collateral review. See, e.g., In re Dockery, 869 F.3d 356 (5th Cir. 2017) (holding that Dean does not apply retroactively to cases on collateral review); Habeck v. United States, 741 Fed. App'x 953 (4th Cir. 2018) (affirming district court decision dismissing §2241 habeas petition because petitioner "fails to meet the requirements of the savings clause because Dean has not been held to apply retroactively to cases on collateral review); Buggs v. Terris, No. 2:17-CV-11658, 2018 WL 6445690, at *2 (E.D. Mich. Dec. 10, 2018) (collecting cases and stating "[t]o be sure, the Supreme Court in Dean offered no indication that its holding should be retroactively applied to cases on collateral review – and several judges within this district and circuit have concluded that Dean is not retroactive"); Beasley v. Werlich, No. 18-cv-1125, 2018 WL 3348961, at * 2 (S.D. Ill. July 9, 2018) (collecting cases and dismissing habeas petition asserting Dean challenge). Thus, Crump fails to demonstrate that his claim falls within the Dorsainvil exception. Consequently, the instant petition will be dismissed for lack of jurisdiction.

## III. Conclusion

For the foregoing reasons, Crump's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241, will be dismissed for lack of jurisdiction. A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 16, 2020**
19-0050-01